UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

        vs.                        No. 1:26-mj-000307-RSK

LAKENTO BRIAN SMITH,           Hon. Ray Kent
                                   United States Magistrate Judge

           Defendant.

_____/

## GOVERNMENT'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER

The United States of America, by its counsel, Timothy VerHey, United States Attorney for the Western District of Michigan, Southern Division, and Assistant United States Attorney Daniel T. McGraw, moves this Court for a protective order relating to the disclosure of investigative materials pursuant to Fed. R. Crim. P. 16(d)(1). Pursuant to Local Criminal Rule 12.4, the Defendant Lakento Brian Smith, by and through his attorney James S. Fisher, does not oppose the motion. In support of this motion, the government states as follows:

1.      On or about July 20, 2026, the Court authorized an arrest warrant and criminal complaint charging the Defendant with money laundering conspiracy, in violation of 18 U.S.C. § 1956(h).

2.      Prior to the preliminary hearing, the government intends to comply with its obligations under Federal Rule of Criminal Procedure 26.2(a) by producing the prior statements of the witness it intends to call at the preliminary hearing. This production is rather voluminous, relates to a multiagency investigation, and includes financial record information and personally identifiable information (PII). A protective order is therefore needed. The dissemination of PII could lead to financial or other harm. Consistent with Rule 49.1 of the Federal Rules of Criminal

Procedure and 18 U.S.C. § 3771, all parties have an obligation to protect PII. Redaction of the production materials is impractical both because of the volume of the documents and the relatively short timeframe in which it will be produced to the defense.

3.      Rule 16(d) of the Federal Rules of Criminal Procedure provides that "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Courts have found good cause where discovery includes confidential information from a party other than the defendant, as is the case with the production here. *Cf. United States v. Faller*, 2014 WL 12705136 (W.D. Ky. July 31, 2014) ("A substantial amount of the discovery materials includes private information regarding non-parties' tax records, social security numbers, and other sensitive information . . . [b]ecause there is such large-scale discovery in this case, the undersigned finds that redaction of documents is not feasible and instead an umbrella protective order is more appropriate.").

4.      Additionally, the requested protective order is limited in scope and does not restrict Defendant's access to review the material. Rather, it restricts Defendant's ability to share it generally with others, including any uncharged individuals, through open access means, including social media, which could broadly disseminate sensitive information.

5.      In sum, the proposed protective order sets forth a basic principle of fair litigation: discovery material should only be used for the case. The proposed order does not impose significant burdens on defense counsel or otherwise interfere with the attorney-client relationship.

6.      For these reasons, the government believes that there is good cause to enter the attached proposed order.

WHEREFORE, the government respectfully moves this Court to enter the unopposed proposed protective order filed with this motion.

Respectfully submitted,

TIMOTHY VERHERY
United States Attorney

Date:   August 4, 2026

/s/ Daniel T. McGraw
DANIEL T. McGRAW
Assistant United States Attorney
P.O. Box 208
Grand Rapids, Michigan 49501-0208
(616) 456-2404